UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD J. ELDERKIN<br>and LUIS MAIA | : | |
| | : | |
| VS. | : | NO. 3:02CV1474(MRK) |
| | : | |
| PATRICK BONA,<br>RICHARD GUISTI, SR.,<br>EDWARD C. DEMERS and<br>ROBERT DEVINE | :<br>:<br>:<br>: | JULY 20, 2004 |

**PLAINTIFFS' REQUESTS TO CHARGE**

The plaintiffs respectfully request the Court to charge the jury as follows:

1. The plaintiffs have brought this lawsuit to obtain redress for what they contend were violations of their rights under the United States Constitution, specifically their right to be free from the unreasonable seizure of their persons. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, police officers. In this case, the plaintiffs have met their burden of proving that the defendants acted under color of law, so you need not concern yourselves with that issue. [Monroe v. Pape, 365 U.S. 167 (1961);

Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

    2.  It is not necessary to find that the defendants had any specific intent to deprive the plaintiffs of their civil rights in order to find in favor of the plaintiffs. The plaintiffs are entitled to win this case if any defendant intended the *actions* which *resulted* in the violation of the plaintiffs' rights or if the defendants acted in reckless disregard of the plaintiffs' rights.  Reckless disregard of the plaintiffs' rights simply means not caring whether or not those rights were being violated. [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3.  The testimony of a police officer is entitled to no special or exclusive sanctity.  An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by

the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, CONN. JURY INSTRUCTIONS, (2d Ed.) §667.]

  4. If you find that any defendant is liable to either plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages.  Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering.  In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant.  Among the elements of injury and harm for which compensation may be awarded are:

  a) The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

  b) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

      c) Lost wages or earnings;

      d) Attorney fees or other expenses and costs of legal representation;

      e) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    5. You may also decide whether the plaintiffs are entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of the defendants, if you find them to have been proved, were so serious that the defendants should pay a penalty so that in the future others will

be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendants engaged in any one of the following things:

    1)  Willful or malicious violation of the constitutional rights of the plaintiffs;

    2)  Any intentional act by the defendants in gross disregard of the rights of the plaintiffs;

    3)  Reckless disregard by the defendants of whether or not they were violating the rights of the plaintiffs.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

    6.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.  In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case.  These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if

you find such to be the case.  [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

      7.  Police officers have an affirmative duty to enforce the law and preserve the peace.  This includes stopping other police officers from violating the law.  A police officer may not ignore the duty imposed by his office and fail to stop other officers who illegally arrest or search a third person in his presence.  Thus, if you find that any police officer, whether or not named as a defendant, violated any of the civil rights of the plaintiffs, and that the defendants, or any of them, did nothing to prevent it, although in a position to do so, then that defendant himself is liable for that unlawful act.  [Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978); Bruner v. Dunaway, 684 F.2d 422 (6th Cir 1982); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972).]

      8.  When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done

by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, Law of Torts, Section 46, pp. 291-95 (4th Ed. 1971); Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982).]

    9.  Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.  A statement or act is

"knowingly" done, it made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.   [Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976); Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

      10.  If you find that any defendant not only made a false statement or explanation tending to show his innocence, but has made that statement to a law enforcement officer, then you may consider that to be evidence not only of the defendant's consciousness of his own wrongdoing but independent evidence that in fact he did violate the plaintiff' rights in the manner alleged in the Complaint.  False exculpatory statements made to law enforcement officials are circumstantial evidence and have independent probative force.  In other words, if you find that a defendant has knowingly made a false statement to a law enforcement officer, which if true would have tended to establish the innocence of the defendant, you may consider that false statement as independent evidence that the defendant actually committed the constitutional violation

alleged in the Complaint.  [United States v. Durrani, 835 F.2d 410, 424 (2d Cir. 1987).]

      11.  A person, even if he or she is being lawfully arrested, has a constitutional right to have that arrest made in a reasonable manner and without the use of unreasonable force.  A police officer is not allowed to use unreasonable force when making even a lawful arrest.  The officer may use only such force as a reasonable and trained police officer would believe is required to take an arrested citizen into custody, for the particular charges and under the particular circumstances presented by this case.  A police officer may do no more than that.  In determining whether a defendant police officer has used unreasonable force in the course of making an otherwise lawful arrest, you should consider all of the facts which you find to have been proven in the case, including the need if any for using the amount of force that was involved and the relationship between that force and the extent of the injury which was inflicted upon the plaintiff by the officer.  [Graham v. Connor, 490 U.S. 386 (1989); Miller v. Lovett, 879 F.2d 1066 (2d Cir. 1989); Finnegan v. Fountain, 915 F.2d 817 (2d Cir. 1990).]

      12.  A police officer may not arrest a person without an arrest warrant unless he has probable cause to believe that a crime has been committed and that the person in question has committed that crime.  Probable cause exists if the facts and circumstances known to the defendant, or of which he had

reasonably trustworthy information, are sufficient to warrant a prudent police officer in believing that the suspect has committed a crime.  The hunch, guess, conjecture or surmise of an officer is not enough, and there must be enough actual evidence to lead reasonably to the conclusion that the suspect has committed a crime.  Thus, if you find that the defendants arrested the plaintiffs without probable cause, you must find the defendants liable for a violation of the plaintiff's constitutional rights.  [Dunaway v. New York, 442 US. 200 (1979); Brown v. Texas, 443 U.S. 47 (1979); Henry v. United States, 361 U.S. 98 (1959); Brinegar v. United States, 338 U.S. 160, 175-76 (1949); Thamel v. Town of East Hartford, 373 F.Supp. 455 (D.Conn. 1974) (Newman, J.).]

      13.  A supervisory officer may be held liable for a violation of the plaintiff's rights if his own conduct was a proximate cause of the violation.  A supervisory officer subjects a person to a violation of his or her constitutional rights if he (1) does an affirmative act, or (2) participates or acquiesces in another's affirmative act, or (3) omits to do something which he is required to do, and that act or omission causes the violation of which the plaintiff have complained.  Personal participation in the immediate act which violated the plaintiff's rights is not required.  It is sufficient if the supervisor sets in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which he knows or reasonably should know would cause others to inflict the constitutional injury.

[Johnson v. Duffy, 588 F.2d 740 (9th Cir. 1978); McClelland v. Facteau, 610 F.2d 693 (10th Cir. 1979); Sims v. Adams, 537 F.2d 829 (5th Cir. 1976).]

    14.  In the case of motor vehicle stops, the Fourth Amendment to the United States constitution requires that such a stop may not be made by an officer unless it is reasonable for him to do so under the circumstances.  As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.  In the motor vehicle context, the Fourth Amendment is violated where there is neither probable cause to believe nor reasonable suspicion that the car is being driven contrary to the laws governing the operation of motor vehicles or that either the car or any of its occupants is subject to seizure or detention in connection with the violation of any other applicable laws. [Delaware v. Prouse, 440 U.S. 648, 650 (1979);  Whren v. United States, 517 U.S. 806, 116 S. Ct. 1769, 1772 (1996); Diamondstone v. Macaluso, 148 F.3d 113, 123 (2d Cir. 1998).]

    15.  Behaving in an unreasonable manner while executing a valid search warrant is a Fourth Amendment violation.  Officers' conduct in executing a search warrant is always subject to the scrutiny of a jury for reasonableness. If you find that any of the defendants acted in an unreasonable manner while searching the plaintiffs' premises, that is, that they injured the plaintiffs in any way, physically, emotionally or with respect to their property, which was not reasonably necessary in order to carry out the proper purposes of the search,

they any such defendant should be found liable. [Bergquist v. County of Cochise, 806 F.2d 1364, 1368-69 (9th Cir. 1986); Dalia v. United States, 441 U.S. 238, 258 (1979); Tarpley v. Greene, 684 F.2d 1, 8 (D.C. Cir. 1982); Duncan v. Barnes, 592 F.2d 1336, 1338 (5th Cir. 1979); Wilson v. Layne, 526 U.S. 603 (1999); Ayeni v. CBS Inc., 35 F.3d 680 (2d Cir. 1994) (Newman, C.J.); Berger v. Hanlon, 129 F.3d 505, 510-11 (9th Cir. 1997); Buonocore v. Harris, 134 F.3d 245 (4th Cir. 1998);  Franklin v. Foxworth, 31 F.3d 873 (9th Cir. 1994); Hummel-Jones v. Strope, 25 F.3d 647 (8th Cir. 1994); Mena v. City of Simi Valley, 226 F.3d 1031, 1040-41 (9th Cir. 2000); Lawmaster v. Ward, 125 F.3d 1341 (10th Cir. 1997); Liston v. County of Riverside, 120 F.3d 965, 979 (9th Cir. 1997); Lyles v. City of Barling, 181 F.3d 914 (8th Cir. 1999); Platteville Area Apartment Assn. v. City of Platteville, 129 F.3d 574 (7th Cir. 1999); Brindley v. Best, 192 F.3d 525 (6th Cir. 1999); Heitschmidt v. City of Houston, 161 F.3d 834 (5th Cir. 1998); McKelvie v. Cooper, 190 F.3d 58 (2d Cir. 1999); Ingram v. City of Columbus, 185 F.3 579 (6th Cir. 1999); Marks v. Clarke, 102 F.3d 1012, 1025 (9th Cir. 1996); Harris v. St. Louis Police Dept., 164 F.3d 1085 (8th Cir. 1998).]

      16.  Although the defendants possessed a warrant authorizing them to search the residence of Mr. Elderkin, they did not have any warrant to search the persons of either of the plaintiffs or their automobile.  All warrantless searches are, by definition, unreasonable and violate the Fourth Amendment absent an exception to this general rule.  The burden of proving the existence of a valid

exception to this general rule rests on the party claiming the benefit of that exception – in this case, the defendants. [Coolidge v. New Hampshire, 403 U.S. 443 (1971); Stoner v. California, 376 U.S. 483 (1964); United States v. Jeffers, 342 U.S. 48 (1951); Chimel v. California, 395 U.S. 752, 762 (1969).]

17.  The fact that the defendants had a warrant to search Mr. Elderkin's residence did not give them the right to arrest him or to search his person or the person of Mr. Maia.  [United States v. Stanley , 597 F.2d 866 (4th Cir. 1979); United States v. Green, 324 F.3d 375 (5th Cir. 2003); United States v. Johnson, 18 F.3d 293 (5th Cir. 1994); United States v. Delgadillo-Velasquez, 856 F.2d 1292 (9th Cir. 1988); Pappas v. New Haven Police Department, 278 F. Supp. 2d 296 (D. Conn. 2003).]

18.  The defendants have asserted in this case the affirmative defense of qualified immunity.  A police officer claiming such defense is entitled to qualified immunity (1) if the conduct attributed to him is not prohibited by federal law; or (2) where that conduct is so prohibited, but the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct; or (3) if the defendant's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." [O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 36 (2nd Cir. 2003)] The defendant has the burden of proving at least one of these three grounds for the defense.  If he fails to sustain his burden of proving at least one of those grounds, then he is

not entitled to qualified immunity. [Gomez v. Toledo, 446 U.S. 635, 640 (1980); Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982); Schechter v. Comptroller of the City of New York, 79 F.3d 265, 270 (2d Cir. 1996); Black v. Coughlin, 76 F.3d 72, 75 (2d Cir. 1996); Castro v. United States, 34 F.3d 106, 111 (2d Cir. 1994).]

THE PLAINTIFFS

BY:_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com
Their Attorney

**CERTIFICATION OF SERVICE**

On the date above stated, a copy hereof was electronically transmitted to James N. Tallberg, Esq., Updike, Kelly & Spellacy, P.C., P.O. Box 231277, Hartford, CT 06123-1277.

_____
JOHN R. WILLIAMS