UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| RICHARD ELDERKIN and <br> LUIS MAIA <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK BONA, RICHARD GUISTI, SR., <br> EDWARD C. DEMERS and ROBERT <br> DEVINE <br><br> Defendants. | CIVIL ACTION NO. 3:02CV1474(MRK) <br><br><br><br><br><br><br><br><br><br> JULY 23, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE**

**I.    FACTS**

   **A.    The Issues To Be Tried Are Narrow**

As a result of the Court's ruling on the defendants' Motion for Summary Judgment, "the only remaining claim of Plaintiffs against the moving Defendants is a §1983 claim for illegal seizure in violation of the Fourth Amendment." Ruling on Pending Motions of 6/15/04. The plaintiffs' claims of alleged excessive force were dismissed on summary judgment. Id. All remaining claims, except the alleged illegal seizure claim, "are deemed abandoned or waived." Id. Yet, plaintiffs have signaled an intent to try to introduce evidence at trial regarding alleged physical injuries, including

369327

the testimony of undisclosed medical experts. In particular, it is anticipated that Richard Elderkin may claim that he sustained injuries to his knee, back and teeth.

By letter dated July 19, 2004, the plaintiffs produced medical records from the Veteran's Administration Hospital concerning treatment that Mr. Elderkin underwent with Helen Hart, GAI, APRN. See records attached hereto as Exhibit A. Plaintiffs apparently intend to elicit expert testimony from Ms. Hart, and other providers, for the proposition that Mr. Elderkin suffers from post traumatic stress disorder as a result of the incident alleged in the Complaint. On February 3, 2003, the Defendants timely requested that plaintiffs, "state the name(s) and address(es) of each person you expect to call as an expert witness at trial." In their Interrogatory Responses, both Mr. Elderkin and Mr. Maia responded that, ""[m]y attorney has not determined an expert in my case at this time." See Plaintiff Richard Elderkin's Responses to Defendants' Interrogatories of 5/2/03, attached hereto as Exhibit B. Because plaintiffs failed to disclose any experts, or otherwise make any attempt to comply with the expert disclosure requirements under Rule 26(a)(2), they should be precluded from introducing any evidence from medical experts.

For the following reasons, the Court should limit the plaintiff's expected attempt to introduce evidence from medical, mental health and other medical providers.

369455

## II.   ARGUMENT

### A.   Evidence From Medical and Mental Health Providers Should Be Precluded

On the eve of trial, the plaintiffs have yet to comply with Rule 26(a)(2) and provide the defense with an expert disclosure or expert reports.  Rule 26(a)(2)(A) requires disclosure of the identity of any expert witness and Rule 26(a)(2)(B) requires the expert to prepare a report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor."  Rule 26(a)(2)(C) requires the report to be disclosed *at least 90 days before trial* or within 30 days after the opposing party has made its disclosures.  It also requires the disclosure of extensive background information regarding each disclosed expert, which allows the opposing party to explore potential bias.

According to Rule 37(c)(1), "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed."  Fed. R. Civ. P. 37.  Rule 37(c)(1), however, does not require witness preclusion for untimely disclosure if there is a substantial justification or if missing the deadline is harmless. Michelone v. Desmarais, 25 Fed. Appx. 155, 158 (4th Cir. 2002); see 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2289.1 (2d ed. 1994) ("The sweep of this exclusion is softened by the proviso that it should not apply if the offending party's failure to disclose was 'substantially justified,' and that even if the failure was not

substantially justified the exclusion should not apply if the failure was "harmless.""). "The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.'" McCloughan v. City of Springfield, 208 F.R.D. 236, 240 (C.D. IL 2002).

Here, plaintiffs produced records regarding Helen Hart, R.N, for the first time by letter dated July 19, 2004, on the eve of trial. See Exhibit A. Because discovery is long closed, the Defendants are deprived of the opportunity to depose these witnesses or to retain their own experts to rebut any opinions that may be offered. The plaintiffs should not be permitted to introduce any expert testimony regarding a claimed causal link between the plaintiffs' alleged unlawful seizure and any reported health problems. Absent such a link, any medical evidence would necessarily be irrelevant.

In addition, because the Court has ruled that the plaintiffs cannot recover on their claim for alleged excessive force, improper search, or infliction of emotional distress, it would be prejudicial to the defendants for the jury to hear evidence or references to those claims, which are not relevant to the plaintiffs' remaining claim of unlawful seizure.

-5-

### III. CONCLUSION

Because the introduction of testimony from undisclosed experts would cause unfair surprise and confuse the issues to be tried, the Court should enter an order precluding the introduction or reference to any such evidence before the jury is exposed to it. The granting of this motion will promote judicial economy and the smooth conduct of this trial by limiting the areas of controversy.

In addition, because the issue to be tried is exceedingly narrow, the Court should enter an order preventing the plaintiffs from presenting any evidence at trial regarding (2) claims of excessive force or alleged physical injuries caused by excessive force, which claims were dismissed on summary judgment; (3) claims of improper or unlawful search of the plaintiff's basement on Umberfield Road, which claims were dismissed on summary judgment; (4) photographs of the plaintiff's basement regarding the alleged improper search, which claims were dismissed on summary judgment; and (5) any testimony or evidence regarding the plaintiffs' alleged emotional distress, which claims were dismissed on summary judgment.

WHEREFORE, the defendants respectfully seek an order precluding any reference at trial to the categories of evidenced discussed herein.

RESPECTFULLY SUBMITTED,
DEFENDANTS,
RICHARD GUISTI, SR.
and EDWARD C. DEMERS

By:_____
    JAMES N. TALLBERG, ESQ.
    Fed. Bar No. ct17849
    Updike, Kelly & Spellacy, P.C.
    One State Street, P.O. Box 231277
    Hartford, CT 06123-1277
    Tel. (860) 548-2600
    jtallberg@uks.com

369455

## CERTIFICATION

I hereby certify that a copy of the foregoing, Motion in Limine, has been sent via U.S. Mail, postage prepaid, to the following counsel of record, this 23rd day of July 2004:

John R. Williams, Esq.
William & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

369455