UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD J. ELDERKIN<br>and LUIS MAIA | :<br>:<br>: |
| V. | :   NO. 3:02CV1474(MRK) |
| PATRICK BONA,<br>RICHARD GUISTI, SR.,<br>EDWARD C. DEMERS and<br>ROBERT DEVINE | :<br>:<br>:<br>:   JULY 23, 2004 |

### DEFENDANTS' PROPOSED
### INSTRUCTIONS TO THE JURY

Defendants Patrick Bona, Richard Guisti, Sr., and Edward C. Demers hereby propose the following instructions to the jury:

**I. Instructions on 42 U.S.C. § 1983**

### The Statute

1. The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the

369426

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

### Purpose of Statute

2. Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

*Authority:* *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

### Burden of Proof

3. I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's affirmative defenses.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

The defendant has the burden of proving each element of his affirmative defenses. I shall shortly instruct you on the elements of these defenses. If you find that any one of the elements of

369426

defendant's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

*Authority:* Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

### Elements of a Section 1983 Claim

4. To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

*Authority:* Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

### First Element - Action Under Color of State Law

### Definition

5. The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which

369426

includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's actions were made possible by virtue of state law.

***Authority:*** *Adickes v. S.H. Kress Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Screws v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *United States v. Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); *Hague v. C.I.O.,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); *Home Telephone & Telegraph Co. v. City of Los Angeles,* 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); *Ex parte Virginia,* 100 U.S. 339, 25 L.Ed. 676 (1880).

6. The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state officer.

*Authority:* *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Stengel v. Belcher,* 522 F.2d 438 (6th Cir. 1975); *cert. denied,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed. 269 (1976).

### Second Element - Deprivation of Right
### Unreasonable Search and Seizure

7. The Fourth Amendment does not prohibit the police from conducting a search or seizure provided that it is "reasonable." The Constitution does not require that the police obtain a warrant prior to any search or seizure not that the police have probable cause. Rather, the Constitution requires a balancing test between the extent to which the individual's liberty is infringed, one the one hand, and the law enforcement interest justifying that infringement, on the other.

A warrant to search for contraband implicitly carries with it a limited authority to detain the occupants of the premises while the search is being conducted. This is because, one the one hand, the infringement of the individual's liberty is minimal when the search of the individual's home has already been authorized by the magistrate issuing a valid search warrant, and, on the other hand, because the law enforcement interest in the safe and effective execution of the search warrant is particularly strong. However, this does not mean that every type of detention is reasonable whenever the premises are being searched. The reasonableness of the detention must be considered in light of

the situation—including the degree of danger that the police reasonably believed they would have subjected themselves to had they not seized the suspect in the manner that they did.

Upon detaining the suspect, the police are allowed to conduct a limited search, for their own protection, to ensure that the suspect is not armed. Again, the legality of this search depends upon its reasonableness. The police must be able to articulate the reasons that lead them to suspect that the suspect may be armed, and the search must be reasonably calculated to locate weapons, as opposed to more concealable items such as narcotics.

***Authority:*** U.S. Const. amend. 4; *Michigan v. Summers*, 452 U.S. 692 (1981); *Adams v. Williams*, 407 U.S. 143 (1972); *Terry v. Ohio*, 392 U.S. 1 (1968); *McKelvie v. Cooper*, 190 F.3d 58 (2d Cir. 1999).

### Third Element: Causation

### Proximate Cause - Generally

8. The third element which plaintiffs must prove is that each defendant's acts were a proximate cause of the injuries allegedly sustained by the plaintiffs. Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's act or omission, it was proximately

369426

caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiffs must show by a preponderance of the evidence that such injury would not have occurred without the conduct of each of the defendants. If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

***Authority:*** *Graham v. Western Line Consolidated School District,* 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Mt. Healthy City School District Board of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

## II. Instruction on Qualified Immunity

9. If, and only if, you find that the plaintiff's constitutional rights were violated, you must next consider the defense of qualified immunity which is available to each of the police defendants.

369426

Qualified immunity is an affirmative defense. This means that the defendants, not the plaintiff, bear the burden of proving the applicability of qualified immunity by a preponderance of the evidence. However, this shifting of the burden of proof from the plaintiff to the defendants applies *only* to the qualified immunity defense.

The shield of qualified immunity protects government officials from liability for damages on account of their performance of discretionary official functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. The availability of the defense turns upon the objective legal reasonableness of the allegedly unlawful official action assessed in light of the legal rules that were clearly established at the time it was taken. The qualified immunity defense is intended to strike a fair balance between (1) the need to provide a realistic avenue for vindication of constitutional guarantees, and (2) the need to protect public officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority. Under the doctrine of qualified immunity, a defendant will not be liable to the plaintiff if it was objectively reasonable for that defendant to believe that his acts would not violate the plaintiff's rights. In a law enforcement context, the objective reasonableness test is met - and a defendant is entitled to qualified immunity - if police officers of reasonable competence could disagree on the legality of the defendant's actions. Qualified

immunity protects all but the plainly incompetent or those who knowingly violate the law or those who act where the law clearly proscribed the actions taken.

In qualified immunity cases, we are not concerned with the correctness of the defendants' conduct, but rather with the "objective reasonableness" of their chosen course of action given the circumstances confronting them at the scene. The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular governmental conduct. It is sometimes difficult for an official to determine how the relevant legal doctrine will apply to the factual situation the official confronts. If the official's mistake as to what the law requires is reasonable, however, the official is entitled to the qualified immunity defense. Thus, the concern of the qualified immunity defense is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. A defendant is entitled to qualified immunity if you find that his actions were objectively reasonable under the totality of the circumstances as known to that defendant at the time he acted - even if you find that the defendant was mistaken as to the actual legal restraints that may have existed at the time he acted.

**Authority:** *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed. 272 (2001); *Anderson v. Creighton,* 483 U.S. 635, 638-39, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Malley v. Briggs,* 475 U.S. 335, 343, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *LaBounty v. Coughlin,* 137 F.3d 68, 73 (2d Cir.

1998); *Lee v. Sandberg,* 136 F.3d 94, 100 (2d Cir. 1997); *Lennon v. Miller,* 66 F.3d 416, 420-21 (2d Cir. 1995); *Oliveira v. Mayer,* 23 F.3d 642, 649 (2d Cir. 1994), *cert. denied,* 513 U.S. 1076, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995); *Glass v. Mayas,* 984 F.2d 55, 57 (2d Cir. 1993); *Roy v. Inhabitants of the City of Lewiston,* 42 F.3d 691, 695 (1st Cir. 1994).

### III. Instructions on Damages

#### Consider Damages Only if Necessary

11. If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

*Authority:* Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969) *modified on other grounds,* 430 F.2d 325 (3d Cir. 1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); *Krieger v. Bausch,* 377 F.2d 398 (10th Cir. 1967).

#### Nominal Damages

12. If you return a verdict for the plaintiff on a claim, but find that the plaintiff has failed to prove by a preponderance of the evidence that she has suffered any actual damages on that claim,

then you must return an award of damages in some nominal amount such as one dollar. Nominal damages must be awarded when the plaintiff has been deprived of a constitutional right by the defendant, but has suffered no actual damage as a natural consequence of that deprivation.

**Authority:** Adapted from 5 Hon. Leonard B. Sand, et al., *Modern Jury Instructions,* Instruction 87-88 (September 1997); *Gibeau v. Nellis,* 18 F.3d 107 (2d Cir 1994).

### Compensatory Damages

13. The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole - that is, to compensate him for the damage that he has suffered. (If applicable: Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a defendant's conduct).

I remind you that you may award compensatory damages only for injuries that a plaintiff proved were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the near future. You may not award compensatory damages against the defendants for conduct you find to have been merely negligent.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

***Authority:*** *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 51 S.Ct. 248,, 75 L.Ed. 544 (1931); *Kinty v. United Mine Workers of America*, 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); *Northwestern National Casualty Co. v. McNulty*, 307 F.2d 432 (5th Cir. 1962); *U.C. Castings Co. v. Knight*, 754 F.2d 1363 (7th Cir. 1985); *Luria Brothers & Co.,*

*Inc. v. Pielet Brothers Scrap Iron Metal, Inc.,* 600 F.2d 103 (7th Cir. 1979); Connecticut Law of Torts, 3d Ed. § 174; *Markey v. Santangelo,* 195 Conn. 76, 485 A.2d 1305 (1985).

### Mitigation of Damages

14. In considering damages to award to the plaintiffs, you must determine whether the plaintiffs could have done something to lessen the harm that they suffered. The burden is on the defendants to prove, by a preponderance of the evidence, that the plaintiffs could have lessened the harm that was done to them, and that they failed to do so. If the defendants convince you that the plaintiffs could have reduced the harm done to them but failed to do so, the plaintiffs are entitled only to damages sufficient to compensate them for the injury that they would have suffered if they had taken appropriate action to reduce the harm done to them.

**Authority:** Adapted from 5 Hon. Leonard B. Sand, *et al., Modern Jury Instructions,* Instructions 87-34 and 87-90 (September 1997).

### V. Special Verdict With Interrogatories

15. When you retire to the jury room to conduct your deliberations, I will ask you to record your findings on a special verdict form which the clerk will provide for you. The special verdict form contains a number of interrogatories to which you are asked to respond either "YES" or "NO." You should carefully follow the instructions contained on the special verdict form, and answer only those interrogatories which are necessary in order for you to conclude your deliberations. On the other

369426

hand, you should answer each and every one of the interrogatories on the special verdict form except where the instructions indicate otherwise. Your response to each interrogatory must be unanimous, and must reflect the conscientious judgment of each juror.

Should you need to reach the damages issue, the special verdict form also contains appropriate spaces in which you are asked to record the amount of damages to be awarded. As with your answers to each of the questions contained on the form, your award of damages, if any, must be unanimous and must reflect the conscientious judgment of each juror.

**Authority:** Adapted from Modern Federal Jury Instructions § 78.01, Instruction No. 78-8 (1993).

## ADDITIONAL REQUESTS

The parties respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

RESPECTFULLY SUBMITTED,

DEFENDANTS
PATRICK BONA, RICHARD GUISTI, SR.,
and EDWARD C. DEMERS

By: _____
JAMES N. TALLBERG, ESQ.
Federal Bar Number Ct17849
UPDIKE, KELLY & SPELLACY, P.C.
One State St., P.O. Box 231277
Hartford, CT 06123-1277
(860) 548-2600

369426

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed in the United States mail, First Class, postage prepaid this 23rd day of July, 2004, to the following:

John R. Williams
Norman A. Pattis
Joseph M. Merly
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

By: _____
JAMES N. TALLBERG, ESQ.
UPDIKE, KELLY & SPELLACY, P.C.