UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD ELDERKIN & LUIS MAIA, | : : : |
| Plaintiffs, | : : |
| v. | : NO. 3:02CV1474(MRK) : |
| PATRICK BONA, RICHARD GUISTI, SR., EDWARD C. DEMERS & ROBERT DEVINE, | : : : : |
| Defendants. | : : |

### ORDER

*Pro se* Plaintiff Richard Elderkin has filed a Request for Settlement Conference [doc. #62]. The Court entered Judgment [doc. #53] dismissing this case on September 30, 2004 after counsel for all parties informed the Court that the case had been settled. Thereafter, at the request of the parties, Magistrate Judge Thomas P. Smith held a conference with the parties, after which he noted the following on the record:

> The parties, through counsel, appeared before the undersigned today to discuss the status of this case. *It appears uncontroverted that this case was settled on August 23, 2004*, and that it was reported to the court as settled the next day. On September 30, 2004, the court entered a judgment dismissing the case. Defense counsel represents that the defendants are, and always have been, ready, willing, and able to perform by paying the agreed upon sum as soon as the plaintiff Elderkin signs the bargained for general release. Mr. Elderkin has refused to sign the release, however. It appears that the parties entered into a simple bi-lateral contract to settle this case; that it was contemplated by the parties that all claims and defenses would (and they did) merge into that contract; and that the case was settled as a result. It further appears that under *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), this court lacks subject matter jurisdiction to act further in this matter. Fed. R. Civ. P. 12(h)(3). Signed by Judge Thomas P. Smith on June 23, 2005. (Presper, J.) (Entered: 06/23/2005).

1

Docket Entry [doc. #58] (emphasis added).

This case was dismissed long ago pursuant to a reported settlement of the parties, and judgment of dismissal entered terminating the case. As Magistrate Judge Smith rightly pointed out, unless and until this case is reopened or a new action is filed, the Court lacks jurisdiction over this settled dispute. Moreover, in view of the report of Judge Smith, it appears that nothing would be served by any further reference for settlement purposes.

The Court understands that Mr. Elderkin may have second thoughts about his decision to settle the case and/or be dissatisfied with his counsel's representation of him, and the Court certainly does not mean to demean his concerns. However, a final judgment has entered, this matter is now closed, and no one has ever sought to vacate the judgment of dismissal and reopen the case. *See, e.g.,* Fed. R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . for the following reasons . . ."). In the circumstances, therefore, the Court must DENY Mr. Elderkin's Request for Settlement Conference [doc. #62].

IT IS SO ORDERED,

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: <u>August 12, 2005</u>.**